# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
JENNILEE TOOHER,

                              Plaintiff,

-against-

VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD POLICE CHIEF PAUL JOHNSON, VILLAGE OF HEMPSTEAD POLICE OFFICER JACK GUEVREKIAN, VILLAGE OF HEMPSTEAD POLICE OFFICER JOHN DOES #1-5, individually,

                              Defendants.
------------------------------------------------------------------------ X

Docket No.: 21-CV-4268
(NJC)(JMW)

**DECLARATION OF SHEETAL PAUL IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

SHEETAL PAUL, an attorney admitted to practice in the United States District Court for the Eastern District of New York, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

1. I am Counsel with The Russell Friedman Law Group, LLP, the last attorneys of record for Plaintiff Jennilee Tooher ("Plaintiff" or "Decedent"), in the above-captioned action, and fully familiar with all of the facts and circumstances stated herein. Said familiarity is based upon the contents of the file my office maintains on this matter.

2. After Plaintiff passed away on April 25, 2023, I was the attorney assigned to handle the estate work.

3. To obtain the necessary information for setting up the estate, I was in contact with Plaintiff's mother and two daughters, two out of three whom reside outside of the State of New York.

4. Plaintiff's mother is the anticipated administrator of Plaintiff's estate.

5. Due to the circumstances surrounding Plaintiff's death, an autopsy was performed and our office requested a copy of the autopsy report, but it was never received.

6. On or about July 17, 2023, our office received Plaintiff's death certificate and we started to draft the petition for letters of administration.

7. In order to obtain letters of administration from Surrogate's Court, it is required to set forth the estimated gross value of the decedent's personal property that will by intestacy, and this amount further defines the fee set by the Surrogate's Court for the filings.

8. Plaintiff's mother searched for a checkbook in an attempt to identify the account, but no such records have been located to date.

9. Further, as Plaintiff was previously married, a copy of the decree of divorce is required to be submitted with the petition. After being unable to locate a copy from Plaintiff's records, a copy was requested from Plaintiff's former husband's attorneys and our office ultimately received it on September 27, 2023.

10. After receiving the divorce decree, the petition was finalized and sent out for execution by Plaintiff's mother.

11. After the petition was sent out, our office was notified that Plaintiff's mother had gotten married and legally changed her name, requiring the petition to be amended.

12. Our office is currently awaiting the signed citation waiver from Plaintiff's daughter as the final requirement before filing the petition with Surrogate's Court.

13. As set forth more fully in the accompanying Memorandum of Law, Plaintiff respectfully requests an Order: (1) granting reconsideration of Plaintiff's motion for an extension to file the substitution and (2) for such other and further relief as this Court deems just and proper is warranted in the instant case.

**WHEREFORE**, Plaintiff Jennilee Tooher respectfully request that the Court issue an Order granting Plaintiff's motion in its entirety, and for such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
        November 7, 2023

                                    By:    /s/Sheetal Paul
                                           Sheetal Paul