UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jennilee Tooher,<br><br>                      Plaintiff,<br><br>       -v-<br><br>Village of Hempstead, et al.,<br><br>                      Defendants. | 2:21-cv-04268<br>(NJC) (JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

On August 9, 2023, this Court dismissed this action when, following the death of Plaintiff Jennilee Tooher ("Ms. Tooher"), Plaintiff's counsel failed to make a timely motion to substitute a party pursuant to Rule 25, Fed. R. Civ. P. *See* Aug. 9, 2023 Elec. Order, ECF No. 46. That same day, Plaintiff's counsel moved for an untimely extension of time to file such a motion under Rule 6(b), Fed. R. Civ. P. *See* Pl's Letter Mot. Extension Time to File, ECF No. 47. The Court reviewed the motion by Plaintiff's counsel and the opposition by Defendants Village of Hempstead, Village of Hempstead Police Department, and Village of Hempstead Police Chief Paul Johnson (the "Village Defendants"), ECF No. 48. On October 24, 2023, this Court denied the motion for extension of time ("October 24 Order"). ECF No. 49. The October 24 Order is incorporated by reference, and familiarity with it is assumed. *See e.g. Williams v. Nat'l R.R. Passenger Corp. (Amtrak)*, No. 18-cv-7070 (DLC) 2019, WL 3423267, at *1 (S.D.N.Y. July 30, 2019) (incorporating by reference prior recitations of procedural history and facts). On November 7, 2023, Plaintiff's counsel moved for reconsideration of the October 24 Order. Pl's

Mot. Recons., ECF No. 51. For the following reasons, this Court denies the Motion for Reconsideration.

First, Plaintiff's counsel has submitted two attorney declarations in support of the Motion for Reconsideration without being directed to do so by the Court. *See* Shapiro Decl., ECF No. 51-1; Paul Decl., ECF No. 51-2. This is prohibited by Local Civil Rule 6.3 ("No affidavits shall be filed by any party unless directed by the Court."). Loc. Civ. R. 6.3. To the extent that Plaintiff's counsel's arguments depend on factual assertions supported only by these two new declarations, the Court declines to consider them. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 108 n.2 (2d Cir. 2006) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local rules[.]") (internal quotation marks and citation omitted).

Second, Plaintiff's counsel has not satisfied the "strict" substantive standard for granting a motion for reconsideration. *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id*. (internal quotation marks and citation omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). A party's "disagreement" with the Court's "explication of the relevant legal standards

and application of the standards to the facts of [the] case" does not justify the filing of a motion for reconsideration. *McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018). The "manifest injustice" standard affords the district court substantial discretion and is rarely met. *See Chitkara v. N.Y. Tel. Co.*, 45 F. App'x 53, 55 (2d Cir. 2002).

      Plaintiff's counsel argues that this Court misread the Second Circuit's opinion in *Kotler v. Jubert*, 986 F.3d 147 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 598 (2021). According to Plaintiff's counsel, *Kotler* held that a plaintiff could not request an extension of time under Rule 6(b) to file a Rule 25 substitution motion for the first time on appeal after having failed to first bring the Rule 6(b) motion in the district court. *See* Pl's Mem. L. Supp. Mot. Recons., ECF No. 51-3 at 1. The remainder of Plaintiff's counsel's brief restates the arguments made in Plaintiff's counsel's motion for extension of time, namely that a party seeking to file a motion to substitute a party outside of Rule 25's ninety-day window may be permitted to do so under Rule 6(b) on a showing of excusable neglect. *Compare* Pl's Mem. L. Supp. Recons. at 2–3 *with* Pl's Letter Mot. Extension Time to File, ECF No. 47.

      As an initial matter, Plaintiff's counsel fails to make the required showing for reconsideration because they do not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel*, 729 F.3d at 104 (internal quotation marks and citations omitted). *Kotler* is not new law or new evidence. Indeed, the Court relied on *Kotler* in the October 24 Order. Nor does Plaintiff's counsel argue that manifest injustice will result from the October 24 Order.

      While Plaintiff's counsel appears to argue that this Court's reading of *Kotler* was clear error, Plaintiff's reading of the Second Circuit's decision is squarely contradicted by the facts of that case and the text of the decision. It is clear that the Second Circuit in *Kotler* was considering

what relief the plaintiff could have sought from the district court, not whether plaintiff could make a first request for more time to file a substitution motion on appeal:

> Rule 6(b) allows a litigant to seek permission to enlarge the time in which "an act may or must be done," and allows the court to extend a litigant's time for good cause. That means that *Kotler could have asked the district court for more time under Rule 6(b) to file his Rule 25 motion for substitution*. After receiving an extension, he could have moved for limited discovery to identify the Donelli estate's executor or asked the court for assistance. *Yet Kotler made none of these motions in the district court*, and we therefore deem them waived. Only after the 90-day window expired and the magistrate judge recommended Superintendent Donelli's dismissal did Kotler raise any objections to the statement or ask for help identifying the estate's executor. He missed the deadline; it is too late to ask for an extension now.

*Kolter*, 729 F.3d at 155–56 (citations omitted) (emphasis added).

Moreover, as this Court noted in the October 24 Order, the language of Rule 25 is mandatory, not permissive. *See* Fed. R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.") (emphasis added). This mandatory language requires the district court to dismiss an action where, as here, Plaintiff's counsel failed to make a motion for substitution within ninety days of service on the parties and on Ms. Tooher's family of the statement noting Ms. Tooher's death.

This Court has already addressed the remainder of Plaintiff's counsel's arguments. *See Analytical Surveys, Inc.*, 684 F.3d at 52, (a motion for reconsideration is "not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple") (internal quotation marks and citation omitted). Plaintiff's counsel may not seek to circumvent this Court's prior order by introducing—through declarations attached to a motion for reconsideration—information that counsel had at the time of filing the first untimely motion for an extension of time. *See* Shapiro Decl.; Paul Decl.

Finally, Plaintiff's counsel persists in arguing that the untimely motion for extension of time was brought under Rule 6(b) and that counsel had made a showing of excusable neglect. Pl's Mem. Law Supp. Mot. Recons. at 2. This argument remains unpersuasive. This Court had already dismissed this case on August 9, 2023 and directed the Clerk to enter judgment—more than ninety days after service on Ms. Tooher's family of Judge Wick's May 2, 2023 Order noting Ms. Tooher's death[1]—when Plaintiff's counsel filed the Rule 6(b) motion for an extension of time. The Rule 6(b) motion is therefore properly read as a motion for relief under Rule 60(b) from the Court's August 9, 2023 judgment. *See Kaplan v. Lehrer*, 173 Fed. App'x 934, 935–36 (2d Cir. 2006) (affirming district court's order denying motion for relief under Rule 60(b) where district court previously granted motion to dismiss). As addressed in the October 24, 2023 Order, the Motion for Reconsideration also fails to make the showing of excusable neglect under Rule 60(b) because Plaintiff's counsel still does not explain why they failed to file a motion for an extension of time under Rule 6(b) or a Rule 25(a)(1) motion for substitution during the ninety-day window, despite the fact that they were aware that Ms. Tooher's estate paperwork would be time-consuming and involve corresponding with out-of-state relatives. *See* October 24 Order at 2–3, ECF No. 49; Shapiro Decl.; Paul Decl.; *Kaplan*, 173 Fed. App'x at 936 ("[I]t is not an excuse that the party seeking substitution had not yet become the legal representative of the deceased party's interest at the time when the motion should have been filed.") (citation omitted).

---

[1] As noted in the October 24 Order, Plaintiff's motion for extension of time was untimely whether the ninety-day window was triggered by the date of service of the notice of death on the parties (May 2, 2023) or the date on which Ms. Tooher's family was served with the notice (May 8, 2023). Because the date of the event that triggers the window is excluded under Rule 6(a)(1), Fed. R. Civ. P., even if the later date controls, the window for Plaintiff's counsel to file a Rule 25 substitution motion or Rule 6(b) motion for an extension of time closed on August 7, 2023.

5

Accordingly, Plaintiff's counsel fails to identify any change of controlling law, availability of new evidence, clear error in the October 24 Order, or need to prevent manifest injustice that is required to secure a grant of a motion to reconsider the October 24 Order. *See Kolel*, 729 F.3d at 104.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's counsel's Motion for Reconsideration of the Court's October 24 Order, ECF No. 49.

Dated: Central Islip, New York

December 27, 2023

                                                                     _____/s Nusrat J. Choudhury_____
                                                                     NUSRAT J. CHOUDHURY
                                                                     United States District Judge